Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4159 | **DATE** | 8/15/2011 |
| **CASE TITLE** | United States of America vs. Deedra Massey | | |

**DOCKET ENTRY TEXT**

Deedra Massey's motion brought pursuant to 28 U.S.C. § 2255 [1] is denied and the case is terminated. Status hearing set for 8/19/11 is vacated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

# STATEMENT

On March 11, 2010, after entering into a plea agreement with the government, petitioner Deedra Massey pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. §§ 1342 and 1343. On June 23, 2010, I sentenced Massey to 41 months' imprisonment, which was at the low end of the applicable Guideline range of 41 to 51 months. Massey has filed a motion pursuant to 28 U.S.C. § 2255, in which she argues that her counsel was ineffective for four reasons: (1) failing to file a sentencing memorandum challenging a four-level enhancement based on the number of victims set forth in the Presentence Investigation Report where the plea agreement provided for a two-level enhancement (and failing to argue this at the sentencing); (2) failure to file a notice of appeal challenging the four-level enhancement "in breach" of the plea agreement; (3) failure to file a timely motion to correct a sentencing error based on a four-level enhancement; and (4) failing to "understand the sentencing guidelines because [trial counsel] failed to argue them properly at [the] sentencing hearing." Mot. at 6. For all the following reasons, Massey's motion is denied.

In order to prevail on her ineffective assistance of counsel arguments, Massey must establish that her attorney's representation fell below an objective standard of reasonableness, and that but for her attorney's errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Where it is clear that the defendant cannot show prejudice, a court may proceed directly to the prejudice component. *Id*. at 697.

The first three bases listed above all relate to the application of a four-level sentencing enhancement based on the number of victims in her case. Massey's plea agreement contemplated a two-level increase because the number of financial institution victims was more than 10 but less than 50. However, the probation department, in the Presentence Investigation Report, determined that a four-level enhancement was applicable because there were over 100 stolen identities used during the course of the fraud. Massey now argues that her trial counsel's failure to challenge the four-level enhancement and file a notice of appeal

| STATEMENT |
|---|

challenging the application of the four-level enhancement was ineffective.

Massey's claim fails because, even assuming her counsel was ineffective in failing to make the argument she describes, she cannot show prejudice. Even if her attorney had argued for a two-level, instead of a four-level, enhancement, I would not have altered my conclusion that the four-level enhancement was appropriate. The issue of how the victims should be counted was raised by Massey's co-defendant, Walls. In that context, I made clear that it was proper to apply the Guidelines in effect at the time of the sentencing, and therefore it was proper to calculate the number of victims by looking at the number of individual identity theft victims. *See United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006) (district court required to use Guidelines in effect on date of defendant's sentencing). Therefore, Massey's counsel was not ineffective for failing to raise this issue in a sentencing memorandum, at the sentencing, or in a motion to correct a sentencing error.[1]

Likewise, counsel was not ineffective for failing to file a notice of appeal that the four-level enhancement was "in breach" of the plea agreement. The plea agreement entered into by Massey and the United States stated,

> Defendant and her attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principals may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw her plea on the basis of the Court's rejection of these calculations.

In light of this language, the court's conclusion that a four-level enhancement was appropriate was not a breach of the plea agreement. The agreement specifically stated that the Guideline calculations were "preliminary," and "non-binding." It went on to state that the government, the probation office and/or the court could disagree with the preliminary Guideline calculations. Massey cannot show that the imposition of the four-level enhancement breached the plea agreement, and therefore her attorney was not ineffective for failing to appeal her sentence on this basis.

Lastly, Massey argues that her counsel misunderstood the Guidelines when he incorrectly argued for probation and incorrectly argued for a downward departure based on family circumstances. As the government points out, there is nothing in the record which indicates that counsel's arguments were, in fact, based on the Guidelines as opposed to § 3553 factors. According to the government, probation was, in fact, a possible sentence because a violation of § 1343 is a Class C felony and probation was not expressly precluded as a sentence. *See* 18 U.S.C. § 3561. In light of this and in light of the fact that counsel's arguments regarding family circumstances are appropriate under § 3553, counsel was not ineffective in raising these arguments.

---

1. In reply, Massey makes the slightly different, although related, argument that her counsel was also ineffective for failing to file an objection to the PSR and for conceding the 100+ number of victims at the sentencing. I reject her attempt to include new bases in her reply brief and note that these additional bases fail because, for all the reasons given above, she cannot show that she

was prejudiced.